**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

STEVEN RODRIGUEZ,
                               Plaintiff,

v.                                              No. 10-CV-88
                                                          (FJS/CFH)

B. DROLLETTE, Correctional Officer, Clinton
Correctional Facility;
                               Defendant.[1]

---

**APPEARANCES:**                          **OF COUNSEL:**

STEVEN RODRIGUEZ
Plaintiff Pro Se
07-A-5946
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN         CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the                    Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Steven Rodriguez ("Rodriguez"), an inmate in the custody of the New

York State Department of Correctional and Community Supervision ("DOCCS"), brings this

---

[1] Three other defendants were dismissed from this action pursuant to a motion for summary judgement. Dkt. Nos. 48 (motion for summary judgment on behalf of former defendants Mitchell, Grimshaw, and Baxter), 58 (report-recommendation recommending dismissal), 59 (order accepting the report-recommendation in its entirety).

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

action pursuant to 42 U.S.C. § 1983 alleging that Drollette, a DOCCS employee violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Presently pending is the motion of defendant Drollette for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 62. Rodriguez has not responded to the motion. For the following reasons, it is recommended that defendant's motion be granted.

### I. Failure to Respond

Rodriguez did not oppose defendant's motion. The failure to respond continued even after the Court, twice acting sua sponte, granted Rodriguez several extensions of time to file a response and reminded him of the consequences of failing to do so. See Dkt. No. 63, 64; Dkt. report entry dated 8/16/2012. "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Rodriguez has received such notice from both defendants and the Court. Dkt. No. 62 at 3 (warning that if Rodriguez's failed to "respond to this motion properly (or at all), summary judgment may be entered against [Rodriguez], meaning that **SOME OR ALL OF YOUR CLAIMS MAY BE DISMISSED**.") (emphasis in original); Dkt. No. 63-1 (same).

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, a defendant is entitled to summary judgment only if the material facts demonstrate his or her entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). However "[a] verified complaint is to be treated as an affidavit . . . and therefore will

2

be considered in determining whether material issues of fact exist . . . ." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted). As to those facts which are not disputed in Rodriguez's complaint, the facts as set forth in defendant's Rule 7.1 Statement of Material Facts are accepted as true. See generally Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996); see also N.D.N.Y.L.R. 7.1(a)(3) ("<u>The Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.</u>") (emphasis in original).

## II. Background

Rodriguez filed his complaint on January 19, 2010, alleging that his Eighth Amendment rights were violated by four named correctional defendants when he was subjected to excessive force on June 30, 2009. Compl. ¶¶ 10-29. Counsel for previously dismissed defendants Mitchell, Grimshaw, and Baxter filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on January 7, 2011. Dkt. No. 48 (hereinafter "the first motion"). Defendant Gillette, who was misidentified in the complaint and is actually B. Drollette (see Text Order dated Feb. 2, 2011), was served on February 10, 2011 (Dkt. No. 53) and filed an answer on June 3, 2011 (Dkt. No. 57). Both of these actions were subsequent to the filing of the first motion.

In deciding the first motion, the Court found that despite Rodriguez's allegations of physical abuse, the facts asserted by the previously named defendants, further supported

3

by video evidence[3] and not refuted by Rodriguez[4], established that (1) Rodriguez was the aggressor of the situation; (2) while exposed to force, it was neither excessive nor inappropriate; (3) Rodriguez did not suffer from any serious medical injuries; (4) during investigation of the incident Rodriguez admitted that he was the aggressor and that some of his injuries were subsequently self-inflicted in an attempt to mitigate the trouble he was in; and (5) Rodriguez pled guilty to, and was issued disciplinary dispositions, for various charges related to violent conduct and assaulting a staff member. Id. at 3-6. The specific facts are set forth in the Report-Recommendation and Order filed July 28, 2011, familiarity with which is assumed. See Docket No. 58.

Drollette did not join in the first motion for the procedural reasons outlined above. Rodriguez alleged in the complaint that Drollette approached Rodriguez's cell with Mitchell, Grimshaw, and Baxter, escorted him upstairs, and participated in the purported assault with Mitchell, Grimshaw, and Baxter. Compl. ¶¶ 16, 24. The present motion followed.

### III. Discussion

In his complaint, Rodriguez alleges that his Eighth Amendment rights were violated when he was subjected to excessive force. Defendant moves for summary judgment contending that (1) res judicata and the law of the case doctrine preclude further review of Rodriguez's claims and (2) he is entitled to qualified immunity.

---

[3] The DVD which was relied upon in determining the first motion was again traditionally filed with the undersigned. Dkt. No. 48-5.

[4] Rodriguez failed to respond to the first motion. Dkt. No. 58 at 2-3.

4

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Res Judicata

"Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen, 449 U.S. at 94 (applying res judicata to a 42 U.S.C. § 1983 action). Thus, to sustain a claim of res judicata, the defense must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). In New York State, the analysis is governed by the transactional approach by which later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] . . . based on different legal theories or seek[] dissimilar or additional relief." Burgos, 14 F.3d at 790 (citations omitted).

Res judicata will not apply where the original forum is incapable of providing the relief requested by the plaintiff. Burgos, 14 F.3d at 790 (citing Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986)). "Thus, where a plaintiff was precluded from recovering damages in the initial action by formal jurisdiction or statutory barriers, not by plaintiff's choice, a

6

subsequent action for damages will not normally be barred by res judicata even where it arises from the same factual circumstances as the initial action." Id. Even if res judicata is inapplicable to a § 1983 action because the state court forum was incapable of awarding the requested relief, it does not preclude the application of collateral estoppel. See Phifer v. City of New York, 289 F.3d 49, 56 (2d Cir. 2002).

Defendant contends that the prior granting of the first motion triggers the bar of res judicata in the present motion. However, both of these motions were filed in the same action. Res judicata applies to preclude the religitation of issues in a subsequent cause of action. See e.g. Monahan, 214 F.3d at 285 (articulating the test to require both a previous and subsequent action). Accordingly, a second cause of action must be filed to trigger the bar. As there has yet to be a final judgment on the merits in the present action or the commencement of a subsequent action, res judicata is inapplicable. Accordingly, defendants' motion on this ground should be denied.

### C. Law of the Case

"[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983) (citations omitted); see also United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006) ("The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent cogent and compelling reasons . . . .") (internal quotation marks and citations omitted)). Even when cases are reassigned to a different judge, the law of the case dictates a general practice of refusing to reopen what has been decided." Wright v. Cayan, 817 F.2d 999, 1002 n.3 (2d Cir. 1987) (citations omitted).

In the present action, this Court previously decided issues surrounding Rodriguez's alleged Eighth Amendment violations. In no uncertain terms, this Court held that "given the state of the record, no reasonable juror could ever find for Rodriguez's incredible recitation of events in the complaint." Dkt. No. 58 at 10. Thus, the constitutional claim was dismissed with prejudice with respect to the moving defendants at that time. For the procedural reasons previously discussed, Drollete was unable to join in the first motion. However, that does not change the fact that Drollette was identified as participating in the same purported assault which the Court previously found incredible. Moreover, the fact that Rodriguez has already been accepted as the aggressor and for taking responsibility for the actions which occurred must also remain the same. Since the underlying merits of the alleged assault have already been discussed and deemed incredible and the Court has already foreclosed any possibility of an outcome other than dismissal, those findings need not be revisited again at this later stage of litigation. Accordingly, the law of the case bars reexamination of any claims related to the alleged excessive force. Therefore, defendants' motion on this ground should be granted.

The same is true for defendant's contention that he is entitled to qualified immunity. In the first action, the Court also dismissed Rodriguez's claim on the alternative basis that the previously named defendants did not commit a constitutional violation and thus, were entitled to qualified immunity. Since the underlying merits of that conclusion are based on the actions in which Drollette, as well as the previously dismissed defendants, were allegedly engaged, those also need not be reevaluted. Therefore, defendants' motion on this ground should be granted.

## IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that the motion of defendant Drollette for summary judgment (Dkt. No. 62) be **GRANTED** and that judgment be granted as to this defendant on all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 10, 2012
        Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge